## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Jay E. Godino, having been duly sworn, hereby depose and state as follows:

### AGENT BACKGROUND

1. I have been employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") since January of 2017. I am currently assigned to the Worcester Satellite Office of the ATF Boston Field Division. My duties include (but are not limited to) investigating violations of Federal firearm laws. I am a graduate of the ATF National Academy's Special Agent Basic Training (SABT) and of the Federal Law Enforcement Training Center's Criminal Investigators Training Program (CITP). I am also a graduate of Becker College where I received a bachelor's degree in business administration. Prior to becoming an ATF Special Agent, I was a Police Officer for the City of Framingham (MA) Police Department for approximately four years.

2. During my career, I have personally conducted and/or assisted in numerous firearm and drug related investigations. I have conducted physical/electronic surveillance, made arrests, seized evidence, conducted undercover (UC) operations, and executed search warrants. I have written affidavits in support of state and federal search warrants, executed state and federal search warrants, and interviewed firearm and drug traffickers, informants, and witnesses with knowledge of firearm and drug trafficking and/or firearm and drug trafficking organizations.

3. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent authorized to enforce criminal laws.

### PURPOSE OF AFFIDAVIT

4. I submit this affidavit in support of a criminal complaint charging James WELCH with being a felon in possession of a firearm and ammunition, in violation of Title 18, United

States Code, Section 922(g)(1). This affidavit is submitted for the limited purpose of establishing probable cause to secure a criminal complaint. In submitting this affidavit, I have not included each and every fact known to me and other law enforcement officers concerning this investigation. Instead, it only contains facts sufficient to establish probable cause in support of a criminal complaint.

## PROBABLE CAUSE

5. On February 28, 2025, ATF agents and other law enforcement officers executed federal search warrants (25-MJ-1054, 25-MJ-1055) authorizing the search for evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 841(a)(1) at the residence of James WELCH in Newton, Massachusetts.

6. Upon arrival at the residence, I and law enforcement officers encountered WELCH at the front door. We escorted WELCH outside of the residence to allow law enforcement officers to begin executing the search. The residence includes two bedrooms. During their initial search, officers spoke with a female resident, who stated that she and her child occupy one bedroom, and that WELCH occupies the other. After speaking with law enforcement, the female resident and her child left the area.

7. Outside of the residence, I advised WELCH of his *Miranda* rights and explained that I and other law enforcement officers were there to search for firearms. In response, WELCH told me that officers would find drugs in the residence, but that his firearm was with a friend or associate in Waltham.

8. After this statement, officers continued to search the residence. Shortly after, WELCH (who remained outside) again asked to speak with me. In response, I escorted WELCH

to a vehicle. Inside that vehicle, I again advised WELCH of his *Miranda* rights, which WELCH indicated that he understood.

9. After again providing *Miranda* rights inside the vehicle, I specifically told WELCH that we were looking for his Taurus pistol. He again told me that firearm was in Waltham, but was unable to provide any further detail.

10. Afterward, I and other law enforcement officers brought WELCH back into the residence, where WELCH sat on a couch in the living room. As law enforcement officers continued their search of the home, WELCH—unprompted—stated aloud that he would show us where his firearm is, and that we would not find it on our own. Although officers declined this invitation numerous times, WELCH continued to insist that he be allowed to show officers where the firearm is.

11. After this insistence, we allowed WELCH to escort law enforcement officers to his bedroom (not the female resident's bedroom referenced above). WELCH directed the officers to a dresser in his closet. Law enforcement officers searched that area and located a Taurus G3 semi-automatic 9mm pistol under the dresser, on top of a laptop. Law enforcement officers also located a magazine loaded with 15 rounds of 9mm ammunition. Based on my training and experience, I believe this is the same firearm described in my application for the search warrants being executed (25-MJ-1054, 25-MJ-1055). We also located approximately three loose rounds of 9mm ammunition.

12. Also in the closet where the Taurus G3 pistol was located, law enforcement officers located a Hammerli Tac-R1 ..22 caliber rifle, wrapped in a sweatshirt, and also in a pocket in that sweatshirt, law enforcement officers located a magazine containing .22 LR caliber ammunition.

13. I am aware that the gun manufacturer Taurus has historically conducted its manufacturing operations in locations to include Brazil, Florida and more recently Georgia. As a result, I am aware that Taurus did not manufacture the above pistol in Massachusetts, and it therefore necessarily moved in interstate commerce.

14. I am aware that there are no commercial manufacturers of ammunition located in Massachusetts. As such, the ammunition found at the residence necessarily moved in interstate commerce.

15. I am aware that WELCH has been convicted of numerous state criminal offenses that are punishable by more than one year in prison, including:

    a. Convictions in Waltham District Court (Docket #1851CR000807) on or about December 6, 2018, for Assault & Battery with a Dangerous Weapon and Assault & Battery on a Family or Household Member, for which WELCH was sentenced to 6 months (Dangerous Weapon) and 6 months (Family or Household Member) in the House of Correction;

    b. Convictions in Lowell District Court (Docket #1711CR004179) on or about December 8, 2017, for Malicious Destruction of Property and Resisting Arrest, for which WELCH was sentenced to two-and-a-half years (Malicious Destruction) and 18 months (Resisting Arrest) in the House of Correction, with six months to serve on each and the balance of each sentence suspended until December 6, 2019;

    c. A conviction in Newton District Court on/about September 13, 2016, for Breaking and Entering in the Nighttime With the Intent To Commit A Felony, for

which WELCH was sentenced to three months in the House of Corrections (Docket #1612CR000398A); and

d.   A Conviction in Newton District Court on/about December 19, 2014, for Larceny of Motor Vehicle, for which WELCH was sentenced to eighteen months in the House of Correction, with one year to serve and the balance of the sentence suspended until December 15, 2016 (Docket #1412CR000668A).

## CONCLUSION

16.   Based on the foregoing facts, I submit there is probable cause to believe that on or about February 28, 2025, WELCH, knowing he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).

_____
Special Agent Jay Godino
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn before me by telephone in accordance with Federal Rules of Criminal Procedure 41(d)(3) and 4.1 this 28th day of February, 2025.

_____
HONORABLE DONALD L. CABELL
United States Chief Magistrate Judge